STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

# SUPERIOR COURT
## SUMMONS

| Plaintiff<br>John Deaton<br>v.<br>Defendant<br>Marie Napoli | Civil Action File Number<br>PC-2017-1372 |
|---|---|
| | Attorney for the Plaintiff or the Plaintiff<br>John E Deaton |
| | Address of the Plaintiff's Attorney or the Plaintiff<br>THE DEATON LAW FIRM<br>450 NORTH BROADWAY<br>EAST PROVIDENCE RI 02914 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI 02903<br>(401) 222-3250 | Address of the Defendant<br>360 Lexington Avenue 11th Floor<br>New York NY 10017 |

TO THE DEFENDANT, Marie Napoli:

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 3/28/2017. | /s/ Henry Kinch<br>Clerk |
|---|---|

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| Plaintiff | Civil Action File Number |
|---|---|
| John Deaton | PC-2017-1372 |
| v. | |
| **Defendant** | |
| Marie Napoli | |

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Marie Napoli, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
   Name of person of suitable age and discretion _____
   Address of dwelling house or usual place of abode _____
   Age _____
   Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent _____
   If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
   _____

☐ With a guardian or conservator of the Defendant.
   Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
   Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:
☐ By delivering said papers to an officer or a managing or general agent.
Name of person and designation _____
☐ By leaving said papers at the office of the corporation with a person employed therein.
Name of person and designation _____
☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ I was unable to make service after the following reasonable attempts: _____
_____

SERVICE DATE: ___/___/___    SERVICE FEE $ _____
         Month  Day  Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

Signature _____

State of _____
County of _____

On this ___ day of _____, 20___, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)

See this notice in Cambodian, Spanish, and Portuguese on the attached pages. **Español**: Véase esta notificación en camboyano, español y portugués en las páginas adjuntas. **Português**: Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.

# NOTICE

## You have a case in the Rhode Island state court system.

## You have the right to an interpreter at no cost to you.

Rhode Island Supreme Court Executive Order 2012-05 states that when a Limited-English Proficient (LEP) person appears in court, the Rhode Island Judiciary will provide a free authorized interpreter for the defendant, plaintiff, witness, victim, parent of a juvenile, or someone with a significant interest in the court proceeding. This interpreting service is provided at no cost to the parties and in all types of cases, both civil and criminal. Court interpreters work in all the courthouses of the Rhode Island state court system.

To schedule an interpreter for your day in court, you have the following options:

1. Call the Office of Court Interpreters at (401) 222-8710, or
2. Send an email message to interpreterfeedback@courts.ri.gov, or
3. Visit the interpreters' office to schedule an interpreter:

> The Office of Court Interpreters
> Licht Judicial Complex
> Fourth Floor, Room 401
> 250 Benefit Street
> Providence, RI 02903

When requesting an interpreter, please provide the following information:

> The name and number of your case
> The language you are requesting
> The date and time of your hearing
> The location of your hearing
> Your name and a telephone number where we can reach you or your lawyer

For more information in Portuguese, Russian, and Spanish, including a listing of court forms that are available in Spanish, please visit our website on the Internet:

https://www.courts.ri.gov/Interpreters/englishversion/Pages/default.aspx.

To request a translation of this notice into any other language, please call the Office of Court Interpreters at (401) 222-8710. It would be helpful to have an English speaker with you when you call.

The Rhode Island Judiciary is committed to making the courts accessible to all.

> The Office of Court Interpreters
> Licht Judicial Complex Fourth
> Floor Room 401
> 250 Benefit Street
> Providence, RI 02903

9/15

Case Number: PC-2017-1372
Filed in Providence/Bristol County Superior Court
Submitted: 3/28/2017 12:06:22 PM
Envelope: 982870
Reviewer: Lynn G.

|  |  |
|---|---|
| STATE OF RHODE ISLAND<br>PROVIDENCE | SUPERIOR COURT |
| JOHN DEATON and<br>MARIA FERRO DEATON  *Plaintiffs*<br><br>v.<br><br>MARIE NAPOLI; PAUL NAPOLI;<br>MARC J. BERN;<br>NAPOLI BERN RIPKA SHKOLNIK, LLP and<br>NAPOLI SHKOLNIK, PLLC   *Defendants* | C.A. No. |

## COMPLAINT

The Plaintiffs, John Deaton and Maria Ferro Deaton, seek through this action declaratory relief, injunctive relief and damages against named Defendants.

### Introduction

1. This action arises false statements made orally and in writing against by the Defendants against the Plaintiffs. The false statements allege inappropriate sexual relationships between the Plaintiff, John Deaton, and one of his former employees and incorporate his wife and children in a malicious tale. Upon information and belief, the Plaintiff further allege these statements were made to intentionally interfere with business relationships between the Plaintiffs, fellow attorneys, and clients.

### The Parties

2. Plaintiff, John Deaton, is a person who resides in and is a citizen of Rhode Island.

3. Plaintiff, Maria Ferro Deaton, is a person who resides in and is a citizen of Rhode Island.

4. Defendant, Marie Napoli, is a person who resides in and is a citizen of New York.

5. Defendant, Paul Napoli, is a person who resides in and is a citizen of New York.

6. Defendant, Marc J. Bern, is a person who resides in and is a citizen of New York.

Case Number: PC-2017-1372
Filed in Providence/Bristol County Superior Court
Submitted: 3/28/2017 12:06:22 PM
Envelope: 982870
Reviewer: Lynn G.

7. Defendant, Napoli Bern Ripka Shkolnik, LLP, is a limited liability company owned and operated by lawyers in New York. It was a national law firm that has ceased taking new client but has remained registered with the State of New York as an active company/entity. The law firm has represented clients in Rhode Island Courts. Its principal office is registered as 400 Broadhollow Road, Suite 305, Melville, New York, 11747.

8. Defendant, Napoli Shkolnik, is a professional limited liability company owned and operated by lawyers in New York. It is a national law firm that advertises that it represented/s clients in Rhode Island Courts. The law firm has offices in several states and maintains its principal office at 360 Lexington Avenue, 11th Floor, New York, NY 10017.

## Jurisdiction and Venue

9. This Court has subject matter jurisdiction pursuant to R.I. Gen. Laws § 8-2-14 because the amount in controversy exceeds ten thousand dollars ($10,000), exclusive of interests and costs, and is between citizens of different states.

10. Venue is proper in Providence division pursuant to R.I. Gen. Laws § 9-4-3 because the Plaintiffs both reside in Providence County.

11. This Court has personal jurisdiction over the Defendants pursuant to R.I. Gen. Laws § 9-5-33(a) because (1) the defendant, Napoli Shkolnik PLLC, a firm at which defendant Maria Napoli is a partner and defendant Paul Napoli is of-counsel, advertises as conducting business in Rhode Island; (2) the defendant Napoli Bern Ripka Shlonik, LLP, a firm at which Paul Napoli and Marc Bern were partners, practiced law within Rhode Island and appeared on behalf of clients in Rhode Island courts; (3) the Defendants' alleged omission of the truth occurred in substantial part from electronic communication

Case Number: PC-2017-1372
Filed in Providence/Bristol County Superior Court
Submitted: 3/28/2017 12:06:22 PM
Envelope: 982870
Reviewer: Lynn G.

(Facebook messenger service) initiated by the Defendant and directed at the Plaintiffs'; and (4) the allegations involve claims of defamation which was in part directed at the Plaintiff in his state of residence.

### Nature of this Action

12. Plaintiffs seek declaratory and injunctive relief in addition to monetary damages for defamation, libel per se, libel and slander.

### Facts

13. Plaintiffs are attorneys in Rhode Island and were previously married.

14. Plaintiff John Deaton is the sole owner of The Deaton Law Firm, LLC, which is headquartered in Rhode Island. His practice almost exclusively involves asbestos litigation and is a competitor to Defendant Paul Napoli's former firm, Napoli Bern Ripka Shkolnik LLP (hereinafter "Napoli Bern"), which also focused on asbestos litigation. Upon information and belief, Defendant Napoli Shkolnik also handles asbestos litigation and is thus also a competitor.

15. Plaintiff, John Deaton, had employed third-party Vanessa Dennis as an associate/paralegal at The Deaton Law Firm starting on or about November 2007.

16. On or about December 1, 2010, Ms. Dennis gave notice to Plaintiff John Deaton that she would be ending her employ on January 31, 2011.

17. In February of 2011, Ms. Dennis left the Deaton Law Firm and began to work with Defendant Paul Napoli at Napoli Bern. At some point during her employment, Ms. Dennis and Defendant Paul Napoli began having an affair. The affair between Ms. Dennis and Defendant Paul Napoli was discovered by Defendant Maria Napoli.

Case Number: PC-2017-1372
Filed in Providence/Bristol County Superior Court
Submitted: 3/28/2017 12:06:22 PM
Envelope: 982870
Reviewer: Lynn G.

18. Defendants and Ms. Dennis have since been involved in multiple lawsuits related to the affair and each other's actions since the indiscretions became known.

19. On or about May 21, 2013, Defendant Maria Napoli sent a message via the online social website Facebook to both Plaintiffs requesting to know if Vanessa Dennis had an affair with Plaintiff Deaton and if it was the cause of the Plaintiffs' divorce. Plaintiff Maria Ferro Deaton ignored the request while Plaintiff John Deaton responded and informed the Defendant, in no uncertain terms, that he had not had an affair with Ms. Dennis and that his divorce was not due to any alleged infidelity or any similar reason. In fact, Plaintiff John Deaton informed Defendant Marie Napoli that the Deaton divorce proceeding had already been underway prior to John Deaton ever meeting and hiring Vanessa Dennis. Plaintiff Deaton then asked that Defendant not contact him again and leave his family out of the idiocy surrounding Ms. Dennis and the Defendants.

20. During the week of February 20, 2017, Plaintiffs were alerted by civil defense attorneys, that Plaintiff John Deaton and The Deaton Law Firm engaged against routinely in relation to Plaintiff's asbestos litigation practice, that they, their divorce and children were discussed within court filings by the Defendants. Within court filings, the Defendant Maria Napoli and Napoli Shkolnik PLLC maliciously, without cause and in complete disregard for the truth, stated the following, which was repeated in several versions in the various courts Defendant Maria Napoli filed lawsuits related to Ms. Dennis:

> ...Dennis had a sexual relationship with her previous employer from Rhode Island. Although Deaton denied such an affair, Dennis claimed to start working for Deaton in 2007, the same year Deaton's divorce was filed. Dennis claimed Deaton was harassing her after she left Deaton's employ and while she worked for Plaintiffs husband... Dennis claimed during her course of employment with

Case Number: PC-2017-1372
Filed in Providence/Bristol County Superior Court
Submitted: 3/28/2017 12:06:22 PM
Envelope: 982870
Reviewer: Lynn G.

> Plaintiffs husband that Deaton was threatening "to tell her husband everything."...Dennis claimed Deaton bought her expensive gifts including a Mercedes...After Plaintiff reached out to Deaton's ex-wife, she refused to let Deaton see his children. It is obvious his wife believed he was having an affair with Dennis.

Complaint *Napoli v. Ratner et al.* Docket No2: 16-cv-06483 (E.D.N.Y. filed 12/9/2016).

21. After Plaintiffs learned, during the week of February 20, 2017, about the malicious, reckless and untruthful allegations of Defendant Marie Napopli, the Plaintiffs further learned, from discussions with other attorneys and from the readings of court filings, that the Defendants wrote, sent or caused to be delivered, several letters to colleagues and fellow plaintiff attorneys of Plaintiff Deaton and their wives, who practice within asbestos litigation. These letters contain nearly identical false allegations. A copy of one of the letters was found within court documents and falsely states:

> I knew that she had relocated from RI where, as I understand, she also had a violent ending to that employment...she told my husband that her previous boss bought her a Mercedes and expensive gifts. She also has experience in divorce law and she told my husband that she assisted her previous boss in his divorce. When working for my husband, I understand, she would receive harassing emails from her old boss and was petrified to see him. I wanted to know if she had done this with her prior employer in RI so I contacted his x-wife. She thereafter refused to let him see his kids. It is obvious to me that something happened.

22. Beyond these statements being counter to reality and the information provided by Plaintiffs to Defendants in 2013, they are contrary to the Plaintiffs' divorce filings that are readily available to the public through court records. Court records show that the Plaintiffs filed for divorce on June 5, 2007; which was five months prior to Plaintiff John Deaton ever meeting or hiring Mrs. Dennis. The formal Divorce Hearing was held on

Case Number: PC-2017-1372
Filed in Providence/Bristol County Superior Court
Submitted: 3/28/2017 12:06:22 PM
Envelope: 982870
Reviewer: Lynn G.

December 18, 2007; which was less than one month after Mrs. Deaton started working at the Deaton law Firm. the Plaintiffs' final Divorce Decree was signed on October 23, 2008. Thus, the Defendants ignored readily available documents that they have experience in obtaining due to their profession as attorneys and created a stream of falsehoods about the Plaintiffs divorce and family life, without basis or reason.

23. Upon information and belief, the false statements quoted above originated from Defendant Paul Napoli. The false and damaging statements were repeated by and published by Defendant Marie Napoli in letters to third-parties unrelated to any litigation and in court filings through the Defendant law firm, Napoli Shkolnik PLLC.

24. The false statements made by the Defendants were malicious. Defendants had a willful and intentional disregard for the truth as (1) they knew their statements were false after the 2013 conversation with the Plaintiffs; (2) they had no reliable basis for their belief; and (3) fabricated additional details to the original lie without cause, basis or justification. The fraudulent statements made had no legal justification, provided no value to any legitimate legal claims made by the Defendants. It is believed that the false statements were made from bitterness and wicked intent to cause harm. It is further believed that these statements were made in an effort to intentionally harm and damage the reputation of the Plaintiff John Deaton and The Deaton Law Firm. As previously stated, the Defendants were direct competitors to Plaintiff John Deaton and The Deaton Law Firm. In fact, the Defendants began filing asbestos cases in Rhode Island shortly before all these false and malicious allegations were made.

Case Number: PC-2017-1372
Filed in Providence/Bristol County Superior Court
Submitted: 3/28/2017 12:06:22 PM
Envelope: 982870
Reviewer: Lynn G.

25. The Defendants' defamatory statements and publication of such statements to lawyers and others involved in the nationwide practice of asbestos litigation are malicious and tortuously interfering with Plaintiffs' business relationships.

26. The Defendants statements have falsely impugned the Plaintiffs matters incompatible with their profession and serious sexual misconduct which would degrade any respectable person in society and bring public hatred or contempt.

27. By making and widely disseminating these defamatory statements, the defendants have caused the Plaintiffs to suffer reduced referrals of clients and income.

28. Defendants intentional and per se defamation of Plaintiffs have caused them to suffer, inter alia, anxiety, emotional upset, gross impairment of their good name, humiliation, impairment of professional reputation, public embarrassment, public impairment of their abilities and integrity, public ridicule and special damages.

## FIRST CLAIM

### Declaratory Relief

29. Plaintiffs repeat and re-state paragraphs 1 through 29 as if fully stated herein.

30. By reason of the foregoing, Defendants willful and malicious defamatory statements about the Plaintiffs constitute libel per se, to which they are answerable under Rhode Island state law.

31. Accordingly, it is requested that this Court find that the statements to which the Plaintiffs base this Complaint and made by Defendants in various litigation filings and letters distributed were false.

Case Number: PC-2017-1372
Filed in Providence/Bristol County Superior Court
Submitted: 3/28/2017 12:06:22 PM
Envelope: 982870
Reviewer: Lynn G.

## SECOND CLAIM

### Injunctive Relief

32. Plaintiffs repeat and re-state paragraphs 1 through 29 as if fully stated herein.

33. By reason of the foregoing, Defendants willful and malicious defamatory statements about the Plaintiffs constitute libel per se, to which they are answerable under Rhode Island state law.

34. Accordingly, it is requested that this Court order the Defendants to retract their false statements from all court documents filed and all persons that Defendant Maria Napoli mailed her defamatory statements; and defendants be enjoined from continuing to issue defamatory statements about the Plaintiffs.

## THIRD CLAIM

### Tortious Interference with Business Relations

35. Plaintiffs repeat and re-state paragraphs 1 through 29 as if fully stated herein.

36. By reason of the forgoing, Defendants tortuously interfered with Plaintiffs business relations and have damaged Plaintiffs business by over $3 million.

37. Accordingly, Defendants should be held liable for special damages to the Plaintiffs for a sum of at least $3 million.

## FOURTH CLAIM

### Damages for Libel per se

38. Plaintiffs repeat and re-state paragraphs 1 through 29 as if fully stated herein.

39. By reason of the foregoing, defendants maliciously and willful defamatory published statements have damaged the Plaintiffs and are actionable for damages under the laws of Rhode Island.

Case Number: PC-2017-1372
Filed in Providence/Bristol County Superior Court
Submitted: 3/28/2017 12:06:22 PM
Envelope: 982870
Reviewer: Lynn G.

40. Accordingly, Defendants should be liable for damages to the Plaintiff in the amount of at least $10 million.

## FIFTH CLAIM

### Damages for Libel and Slander

41. Plaintiffs repeat and re-state paragraphs 1 through 29 as if fully stated herein.

42. By reason of the foregoing, Defendants malicious and willful spoken and published statements have damaged the Plaintiffs and are actionable for damages under the laws of Rhode Island.

43. Accordingly, Defendants should be liable for damages to the Plaintiff in the amount of at least $10 million.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully demand this Court enter judgement in its favor against Defendants as follows:

1. Declare that the statements to which the Plaintiffs base this Complaint and made by Defendants were false.

2. Enjoin permanently the Defendants from making any future defamatory statements about the Plaintiffs and immediately make a retraction to the courts and persons where the Defendants published the defamatory statements.

3. Award on the second claim for such compensatory damages for the Defendants tortious interference with Plaintiffs' business relationships as a jury may impose, but not less than $3 million, which constitutes Plaintiffs' special damages.

4. Award on the third and fourth claim such compensatory damages for emotional distress and loss of reputation of at least $10 million, or any sum as the jury may impose.

Case Number: PC-2017-1372
Filed in Providence/Bristol County Superior Court
Submitted: 3/28/2017 12:06:22 PM
Envelope: 982870
Reviewer: Lynn G.

5. Further granting any such relief as the court seems just and proper, including cost of this action.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury on all issues triable of right by jury.

Dated:    March 28, 2017

PRESENTED BY:

/s/ Mark T. Boivin

John Deaton, Esq. (RI Bar # 6537)
Mark T. Boivin, Esq. (RI Bar # 7515)
The Deaton Law Firm
450 North Broadway
East Providence, RI 02914
Phone (401) 351-6400
Facsimile (401) 351-6401